## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

### CASE NO:

ASHLEY BODIN, and all others similarly
situated under 29 U.S.C. § 216(b),

    Plaintiff(s),
    v.

TCR LOGISTICS CORPORATION, and
JEAN DIEDERICKS

    Defendants.
_____/

### COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, ASHLEY BODIN ("Plaintiff") pursuant to 29 U.S.C. § 216(b) files the following Collective Action Complaint for Damages and Demand for Jury Trial against Defendants, TCR LOGISTICS CORPORATION ("TCR") and JEAN DIEDERICKS ("JD") (TCR and JD collectively "Defendants") and alleges the following:

### INTRODUCTION

1. Defendants unlawfully deprived Plaintiff and all other similarly situated employees of overtime compensation during the course of their employment. This action arises under the Fair Labor Standards Act ("FLSA")

pursuant to 29 U.S.C. §§ 201–216, to recover all overtime wages that Defendants refused to pay Plaintiff and others during the past three (3) years.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Escambia County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant, TCR, was a Florida for-profit corporation transacting business within Pensacola, Florida, within the jurisdiction of this Honorable Court.

4. Defendant, TCR is headquartered at 166 Preston Path, Santa Rosa Beach, Florida 32459.

5. During all times material hereto, Defendant, TCR regularly supervised Plaintiff's work, set Plaintiff's schedule, and had the authority to hire and fire employees, including Plaintiff.

6. During all times material hereto, Defendant, TCR, was vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it pertained to Plaintiff.

7. Defendant, TCR, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

8. Moreover, during all times material hereto, Defendant JD was the President and day-to-day operator of Defendant TCR.

9. Defendant JD actively managed TCR on a daily basis.

10. In addition, Defendant JD regularly supervised Plaintiff and other similarly situated employees within Escambia County and was authorized to hire, fire and discipline employees, including Plaintiff, during all times material to this complaint.

11. Defendant, JD was vested with control and decision-making authority over Defendant TCR's pay practices – including over the pay practices that gave rise to this Complaint – during all time periods material hereto.

12. Accordingly, Defendant JD was Plaintiff's employer as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

13. The acts and/or omissions giving rise to this dispute took place within Escambia County, Florida, which falls within the jurisdiction of this Honorable Court.

14. Defendant, TCR regularly transacts business in Escambia County, Florida.

15. Therefore, jurisdiction is proper within the Northern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

16. Venue is also proper within the Northern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## **GENERAL ALLEGATIONS**

17.     Defendant, TCR, owns and operates a logistics company that works with FedEx to deliver packages to FedEx's residential and commercial customers.

18.     Plaintiff worked for Defendants, TCR and JD as a non-exempt, hourly delivery driver from April 23, 2020 until February 28, 2022.

19.     Defendants agreed to pay Plaintiff $15.00 per hour during her two-week training period and then $17.50 per hour after the completion of training.

20.     Defendants began paying Plaintiff $20.00 per hour in or around 2021 because of her excellent job performance.

21.     However, during Plaintiff's entire employment period, Defendants paid Plaintiff for eight (8) hours for each day of work, regardless of the number of hours she actually worked.

22.     Defendants failed to pay Plaintiff for some of her hours of work over forty (40) during her employment period because of Defendants unlawful pay policies.

23.     Plaintiff regularly worked six (6) days per week during her employment period.

24.     During a normal workweek, Plaintiff worked approximately 64-hours for Defendants.

25. Although Defendants were aware that Plaintiff regularly worked more than forty (40) hours per week, Defendants refused to pay her federally mandated overtime wages for her work in excess of forty (40) hours.

26. In fact, Plaintiff told Defendant JD that she believed Defendants owed her overtime wages because of the unlawful pay practices described herein. In response, JD exclaimed: "I am not going to discuss the legality of my pay policies with you."

27. Defendant JD refused to rectify any of overtime wage violations, even after he became expressly aware of them.

28. Defendants failed to keep and maintain accurate time records during Plaintiff's employment period.

29. Furthermore, Defendants' payroll records during the relevant time period do not accurately reflect the hours worked by Plaintiff.

## FLSA COVERAGE

30. Defendant, TKR, is covered under the FLSA through enterprise coverage, as TKR was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically, TKR engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. TKR's business and Plaintiff's work for TKR affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or

continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

31. During her employment with Defendant, TKR, Plaintiff, and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: cell phones, pencils, pens, paper, tape, envelopes, stamps, markers, staplers, staples, invoices, cash, checks, masks, cardboard, packages, vehicles, trucks, technological equipment, mail, phone chargers, pepper spray, phone mounts, gasoline, credit cards, debit cards, vests, uniforms, etc.

32. TKR also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making TKR's business an enterprise covered by the FLSA.

33. Defendant, TKR grossed or did business in excess of $500,000.00 in 2019, 2020, 2021 and is expected to gross in excess of $500,000.00 in 2022.

34. During her employment with Defendants, Plaintiff was regularly and recurrently involved in interstate commerce, or in work directly related to instrumentalities of interstate commerce, or in the maintenance of instrumentalities of interstate commerce, and is therefore covered under the FLSA through individual coverage. More specifically, Plaintiff regularly and recurrently delivered packages

that originated from outside of Florida and was thus individually engaged in interstate commerce during all times material to this Complaint.

35. During her employment with Defendants, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of Defendants, and (iv) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

36. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, within the meaning of the FLSA.

## CLASS ALLEGATIONS

37. Plaintiff seeks to represent the following class of employees who have also fallen victim to Defendants' unlawful pay policies:

> All non-exempt hourly delivery drivers who worked for Defendants in Florida during the previous three (3) years.

38. Class members are treated equally and similarly in that they were denied overtime wages as a result of Defendants' unlawful policy which only compensates non-exempt hourly drivers eight (8) hours per day – even when they work more than eight (8) hours per day and more forty (40) hours per week.

39. Defendants' pay policies uniformly lead to overtime wage violations with respect to each and every hourly delivery driver who works in excess of forty (40) hours per week.

40. Defendants have employed dozens, and potentially hundreds, of hourly delivery drivers throughout Florida who were not paid overtime wages as a result of Defendants' unlawful pay policies.

41. Plaintiff and the class members were subjected to the same employment policies, regardless of their working location.

42. Plaintiff and the class members performed the same or similar job duties for Defendants and were not compensated federally mandated overtime wages during the previous three (3) years.

43. Defendants failed to keep accurate time and pay records for Plaintiff and all class members to designate when, if ever, Plaintiff and class members were completely relieved of duties for the purpose of a meal break.

44. Defendants' records uniformly misrepresent the number of hours actually worked by Plaintiff and the class members.

45. Defendants further failed to keep accurate time and pay records to designate the *full amount of hours* worked by Plaintiff and other hourly delivery drivers during each workweek within the relevant time period.

46. Defendants were aware of the requirements of the FLSA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

47. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS - 29 U.S.C. § 216(b)

48. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 47 as though set forth fully herein.

49. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

50. Plaintiff claims the applicable federal overtime wage rate for all weekly hours worked over forty (40) during her employment period.

51. Defendants refused to pay Plaintiff one-and-one-half times her regular hourly rate for some hours of work over forty (40) in one or more weeks of her employment.

52. Defendants knew or should have known of the work Plaintiff performed for Defendants that exceeded 40 hours in certain workweeks.

53. Defendants failed to rectify any of the overtime wage violations described herein, even after Plaintiff told Defendant JD that Defendants' pay policies were unlawful.

54. Defendants willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendants knew or should have known of the FLSA's overtime wage requirements.

55. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

56. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ASHLEY BODIN, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, TCR LOGISTICS CORPORATION and JEAN DIEDERICKS, and award Plaintiff: (a) unliquidated damages payable by Defendants jointly and severally; (b) liquidated damages, payable by Defendants jointly and severally; (c) reasonable attorney's fees and costs, payable by Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, ASHLEY BODIN, demands a trial by jury on all appropriate claims.

**Dated: March 16, 2022**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on March 16, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: